UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARK A. ABRAMS | ) |
| | ) |
| Plaintiff, | ) |
| | ) Cause No. 4:15-CV01445-SPM |
| vs. | ) |
| | ) |
| NATIONWIDE AFFINITY INSURANCE | ) |
| COMPANY OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Motion to Dismiss Plaintiff's Petition, or in the Alternative, to Strike and/or for a More Definite Statement, filed by Defendant Nationwide Affinity Insurance Company of America (hereinafter "Nationwide") (Doc. 4). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636. (Doc. 9). For the reasons stated below, the Court will deny Nationwide's motion.

**I.  FACTUAL BACKGROUND[1]**

On February 21, 2014, Plaintiff Mark A. Abrams ("Plaintiff") was injured in an automobile accident caused by Mark Cox, who was operating his vehicle in a careless and negligent manner. At the time of the accident, Plaintiff was an insured person under a policy of automobile liability insurance issued by Defendant Nationwide. The policy included Underinsured Motorists Coverage that obligated Nationwide to pay compensatory damages to an insured person for bodily injury damages caused by the negligent operation of an underinsured vehicle. At the time of the accident, Mr. Cox was the operator of an underinsured motor vehicle

---

[1] The facts in this section are taken from Plaintiff's Petition and are accepted as true for purposes of the instant motion.

as defined by the policy. In July of 2014, Plaintiff submitted a demand for Underinsured Motorist benefits under his policy to Nationwide in the amount of $100,000, accompanied by his medical records and bills associated with the aforementioned accident and documentation of his future medical expenses. Plaintiff alleges that Nationwide has unreasonably, unjustifiably, and vexatiously refused to meet Plaintiff's demand.

On August 14, 2015, Plaintiff filed a petition in the Circuit Court of the City of St. Louis, State of Missouri, praying for judgment in the amount of $100,000, together with appropriate penalties, interest, costs, and reasonable attorney's fees pursuant to Mo. Rev. Stat. § 375.420. (Doc. 3). On November 21, 2015, Defendant removed the case to this Court. (Doc. 1). On September 28, 2015, Defendant Nationwide filed the instant motion to dismiss Plaintiff's petition for failure to state a claim under Fed. R. Civ. P. 12(b)(6). In the alternative, Defendant moves for a more definite statement pursuant to Fed. R. Civ. P. 12(e).[2] Plaintiff opposes Nationwide's motion.

## II. DISCUSSION

### A. Motion to Dismiss

Nationwide moves to dismiss Plaintiff's petition on a single ground: that Plaintiff failed to allege sufficient facts to state a claim of vexatious refusal under Mo. Rev. Stat. § 375.420. Defendant argues that Plaintiff does not allege facts, but only legal conclusions. After review of Plaintiff's allegations, the Court disagrees and finds Plaintiff has alleged sufficient facts to state a claim for vexatious refusal to pay.

---

[2] Although Nationwide indicates in the headings of its motion that it also moves to strike Plaintiff's petition, Nationwide makes no arguments in support of striking any part of the Petition and does not cite or discuss the rules applicable to a motion to strike. Thus, to the extent that Nationwide is seeking to strike any part of the petition, the motion is denied.

When ruling on a Rule 12(b)(6) motion to dismiss, the court must accept as true all of the factual allegations in the complaint, but it need not accept legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies the plausibility standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

"To establish a claim for vexatious refusal to pay pursuant to Section 375.420, the plaintiff must show that the insurance company's refusal to pay the loss was willful and without reasonable cause or excuse." *Merseal v. Farm Bureau Town & Country Ins. Co. of Mo*, 396 S.W.3d 467, 473 (Mo. App. E.D. 2013) (citing *Watters v. Travel Guard Intl.*, 136 S.W.3d 100, 108 (Mo. App. E.D. 2004)). Plaintiff alleges that he suffered injuries covered by his Nationwide insurance policy, that he demanded payment along with supporting documentation, and that Nationwide has "unreasonably, unjustifiably, and vexatiously refused to meet Plaintiff's demand." Those facts are sufficient to plausibly suggest that Nationwide's refusal to pay was willful and without reasonable cause or excuse. Indeed, it is unclear what additional facts a plaintiff in his situation could plead at this stage, prior to discovery that would shed light on the insurer's specific reasoning and motivations.

Because Plaintiff's allegations, taken as true, are sufficient "to state a claim to relief that is plausible on its face" *Twombly*, 550 U.S. at 570, Defendant Nationwide's Motion to Dismiss will be denied.

### B. Motion for a More Definite Statement

In the alternative to its motion to dismiss, Nationwide argues that the Court should order Plaintiff to file a more definite and certain statement of his claim against Nationwide. It argues that Plaintiff fails to sufficiently identify the "who, what, when, where, and how" of the alleged vexatious refusal, leaving the claim so ambiguous that Nationwide cannot reasonably respond. After review of the petition, the Court disagrees and will deny the motion.

Federal Rule of Civil Procedure 12(e) states that a party may move for a more definite statement if a pleading "is so vague or ambiguous that a party cannot reasonably prepare a response." The party filing the motion "must point out the defects complained of and the details desired." *Greater St. Louis Const. Laborers Welfare Fund v. Johnson Flatwork & Finishing, Inc.*, No. 4:08-CV-1408 CAS, 2009 WL 1383849, 1 (E.D. Mo. May 14, 2009).

As discussed above, a Plaintiff alleging vexation refusal under Missouri law must show that "the insurance company's refusal to pay the loss was willful and without reasonable cause or excuse." *Merseal*, 396 S.W.3d at 473. To competently respond to an alleged vexatious refusal claim, an insurance company need merely show reasonable cause or excuse for the refusal to pay. Plaintiff alleges that he is insured under a particular insurance policy, that he was injured in an accident on a particular date, that he submitted a demand related to those injuries under the policy (with supporting documentation) to Nationwide on a particular date, and that Nationwide unreasonably and unjustifiably refused to meet the demand. These allegations are not "vague or ambiguous," and they are certainly sufficient to permit Defendant to respond to the petition—for example, by showing that there was a reason for not meeting the demand. The Court therefore will deny Nationwide's motion for a more definite statement.

### III. CONCLUSION

As discussed above, Plaintiff has alleged facts sufficient to state a claim against Nationwide, and his allegations are not so vague or ambiguous that Defendant cannot reasonably prepare a response to them. Accordingly,

**IT IS HEREBY ORDERED** that Nationwide's Motion to Dismiss Plaintiff's Petition, or in the Alternative, to Strike and/or for a More Definite Statement (Doc. 4) is **DENIED.**

/s/ Shirley Padmore Mensah
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 3rd day of February, 2016.